UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY HOLT, Individually, JEDIDIAH HOLT, Individually, GEORGIA DEAN, As Next Friend of J.R.H., A Minor, and JAMES RICHARD HOLT, Independent Executor of the Estate of JESSIE ROSS HOLT, Deceased | § § § § § § § § § § § § § § § § | |
| vs. | | CIVIL ACTION NO. |
| | | 4:16-CV-02898 |
| ST. LUKE'S HEALTH SYSTEM d/b/a CHI ST. LUKE'S PATIENTS MEDICAL CENTER, PMC HOSPITAL, L.L.C. d/b/a CHI ST. LUKE'S PATIENTS MEDICAL CENTER, KEVIN A. LISMAN, M.D., and HOUSTON CARDIOVASCULAR ASSOCIATES | | |

**MOTION TO DISMISS FOR LACK OF JURISDICTION**

Defendants *Kevin A. Lisman, M.D.* and *Houston Cardiovascular Associates* ("Defendants") move for dismissal of Plaintiffs' claims against them because this Court lacks subject matter jurisdiction over the state law medical malpractice claims being asserted against these Defendants.

**I.    NATURE AND STAGE OF PROCEEDINGS**

On January 11, 2016, Jesse Holt passed out while jogging on a treadmill at a 24-Hour Fitness health club in Pasadena, Texas.  He was taken by ambulance to CHI St. Luke's Patients Medical Center where he was treated by emergency room physician Evan Tow, M.D. and other hospital personnel.  Mr. Holt provided

his history of having aortic valve stenosis that was being followed by his cardiologist. Dr. Tow diagnosed Mr. Holt as suffering from dehydration and heat exhaustion and discharged him after Mr. Holt's condition improved after receiving fluids.

The following day Mr. Holt called the office of his cardiologist, Kevin Lisman, M.D., who had been following Mr. Holt's aortic stenosis with annual visits since 2013. Mr. Holt reported the incident at the health club and his diagnosis of dehydration at the emergency room. Dr. Lisman advised Mr. Holt to stay hydrated, report any recurrence of the events at the health club, and keep his annual appointment.

On April 8, 2016, Mr. Holt was again jogging on a treadmill at 24-Hour Fitness when he again collapsed. He was transported to a hospital where he was pronounced dead. An autopsy concluded the cause of death was hypertension and valvular cardiovascular disease (aortic valve stenosis).

On September 28, 2016, Plaintiffs filed this lawsuit against CHI St. Luke's Patients Medical Center alleging violations of 42 U.S.C. § 1395dd, the Emergency Medical Treatment and Active Labor Act ("EMTALA"), which provides the Court with jurisdiction over the EMTALA claim that raises a question of federal law. 28 U.S.C. § 1331. In addition to their federal EMTALA claim against the hospital, Plaintiffs' also included a Texas state common law claim of medical malpractice against Dr. Lisman and his partnership, Houston Cardiovascular Associates.

Dr. Lisman and Houston Cardiovascular Associates file this motion to dismiss the state law claims against them pursuant to Fed. R. Civ. P. 12(b)(1) because this Court has no subject matter jurisdiction over these Texas medical malpractice claims.

## II.     ISSUES TO BE DECIDED BY THE COURT

The issue for the Court is whether the Court has supplemental jurisdiction over Plaintiffs' state law claims of medical malpractice pursuant to 28 U.S.C. 1367(a).

## III.     LAW AND ARGUMENT

### A.     Motion to Dismiss

Dismissal under Fed. R. Civ. P. 12(b)(1) is appropriate where the Court lacks subject matter jurisdiction. A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (internal quotations and citations omitted). Because the decision relates to the court's very power to hear the case, under Rule 12(b)(1) the district court is not limited to an inquiry into undisputed facts. It may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction. *Williamson v. Tucker*, 645 F. 2d 404, 413 (5th Cir.1991). The Court may dismiss for lack of jurisdiction based on the complaint alone, the complaint supplemented by the undisputed facts in the record, or the complaint, undisputed facts, in addition to the court's resolution of disputed facts. *Id.* Additionally, the party seeking to invoke

11

jurisdiction, has the burden of proving the facts necessary to sustain jurisdiction. *Harvey Const. Co. v. Robertson-CECO Corp.*, 10 F.3d 300, 303 (5th Cir. 1994).

**B.  Argument**

  **1.  The Court Does Not Have Supplemental Jurisdiction Over State Law Claims That Are Not Part of the Same Case or Controversy of Plaintiffs' EMTALA Claims**

Federal courts' authority to hear state law claims comes from 28 U.S.C. § 1367(a) which states:

> …in any civil action of which the district courts have original juridisction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

In this case, there is no supplemental jurisdiction over the state medical malpractice claims against Dr. Lisman and Houston Cardiovascular Associates. The state law medical malpractice claims are not related to Plaintiffs' federal EMTALA claim and are not part of the EMTALA claim because:

1. The EMTALA and state law claims involve different parties;

2. The EMTALA and state law claims involve different theories of liability;

3. The EMTALA and state law claims are based on different facts;

4. The EMTALA and state law claims are based on conduct that occurred on different dates;

5. The EMTALA and state law claims are based on actions that occurred in different locations; and

11

      6.      The EMTALA and state law claims involve different witnesses who are only relevant to one claim, not both the federal and state law claims.

Unlike the state medical malpractice claims, Plaintiffs' federal EMTALA claim is not a negligence claim.  Medical malpractice actions are separate and distinct from EMTALA actions. Malpractice actions are based on negligence and seek to compensate victims for injuries suffered when health care providers breach the applicable standard of care.  The EMTALA is not a federal malpractice action, but was enacted to prevent "patient dumping," i.e., the practice of refusing to treat patients who are unable to pay.  *Marshall v. East Carroll Parish Hosp.*, 134 F.3d 319, 322 (5th Cir. 1998).  EMTALA targets "patient dumping" and is not a "fault" based determination. *Bauman v. Tenet Health Systems Hospitals, Inc.*, 2000 WL 1215191, at *4 (E.D.La. 2000 Aug. 25, 2000).

A federal court may have supplemental or pendant jurisdiction over state law claims included along with a federal claim where the federal and state claims arise out of "a common nucleus of operative facts."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).  Federal courts can have supplemental jurisdiction over state law claims along with federal claims under 42 U.S.C. 1395dd when both the federal and state claims arise from the same events and involve the same witnesses, same evidence, and determination of the same facts.  *See Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1563-64 (11th Cir. 1994).  In this case, there are no common facts or evidence or witnesses in the federal and state law claims.

11

Plaintiffs' state law claims against Dr. Lisman are based on either: (1) his treatment of Mr. Holt at his office months or years prior to Mr. Holt's emergency room visit on January 11, 2016, or (2) his response to the information Mr. Holt provided to Dr. Lisman or his assistant on the day after the January 11, 2016 emergency room visit. The information and witnesses involved in Dr. Lisman's treatment of Mr. Holt before or after January 11, 2016 have no relevance to Plaintiffs' EMTALA claims regarding the hospital's duties under federal law on January 11, 2016. Likewise, the information and witnesses from the emergency room visit have no relevance to the claims against Dr. Lisman. Regardless of what may or may not have occurred in the hospital's emergency room on January 11, 2016, Plaintiffs' claim against Dr. Lisman will be based solely on what a reasonable cardiologist would have done when receiving the information provided by Mr. Holt on January 12, 2016.

If Plaintiffs had included a state law claim against the emergency room physician, Dr. Tow, this would be the situation where the Court would have supplemental jurisdiction over the state law claim because both claims would involve the same treatment at the same location at the same time and with the same witnesses. *See e.g. Heimlicher v. Steele*, 442 F.Supp.2d 685 (N.D.Iowa 2006)(supplemental jurisdiction existed over state law claims against ER physician for his treatment of patient pursuing EMTALA claim against hospital over ER visit); *Millan v. Hosp. San Pablo*, 389 F.Supp.2d 224 (D.Puerto Rico 2005)(common nucleus of facts for EMTALA claim against hospital and state law claims against

11

physicians who treated patient in the emergency rooms); *Sorrells v. Babcock*, 733 F.Supp. 1189 (N.D.Ill. 1990)(state medical malpractice action against ER physician had common nucleus of operative facts as federal EMTALA claim).

While there are many cases of federal courts exercising supplemental jurisdiction over physicians based on the same treatment that resulted in EMTALA claims against a hospital, Defendants have found no cases of federal courts exercising supplemental jurisdiction over state law claims based on events that occurred at different locations on different dates and with different witnesses than the emergency room visit resulting in the EMTALA claim.

## **CONCLUSION**

Plaintiffs' state medical malpractice claims against Dr. Lisman and Houston Cardiovascular Associates involve different dates, different locations, different theories of liability, different facts, and different witnesses. Their state law claims are not related to their EMTALA claim against the hospital and have nothing to do with the federal EMTALA claim. Therefore, this Court does not have supplemental jurisdiction to hear the state law claims. 28 U.S.C. 1367(a). Plaintiffs' claims against Dr. Lisman and Houston Cardiovascular Associates should be dismissed for lack of jurisdiction.

Respectfully submitted,

**BOSTON & HUGHES, P.C.**

By: ___*/s/ Gary Sommer*___
    **JAMES R. BOSTON, JR.**
    Texas Bar No.: 02681200
    Southern District Federal ID: 3323
    JBoston@bostonhughes.com
    **GARY SOMMER**
    Texas Bar No.: 24010415
    Southern District Federal ID: 2646895
    GSommer@bostonhughes.com
    8584 Katy Freeway, Suite 310
    Houston, TX 77024
    Telephone:  713-961-1122
    Facsimile:   713-965-0883
    **ATTORNEYS FOR DEFENDANTS**
    **KEVIN A. LISMAN, M.D. and**
    **HOUSTON CARDIOVASCULAR**
    **ASSOCIATES**

## CERTIFICATE OF SERVICE

Pursuant to Rules 21 and 21(a) of the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of Defendants **Kevin A. Lisman, M.D.'s and Houston Cardiovascular Associates' Motion to Dismiss** has been forwarded to counsel of record named below via e-file and/or U.S. Mail – Certified, RRR on this the 30th day of January, 2017.

| | |
|---|---|
| Mr. Rockne W. Onstad<br>THE ONSTAD LAW FIRM<br>119 Ranch Road 620 South<br>Austin, Texas  78734-5609 | *Via E-file & Certified Mail/RRR* |
| Mr. Frank N. Luccia<br>LUCCIA & EVANS, L.L.P.<br>8 Greenway Plaza, Suite 1450<br>Houston, TX  77046 | *Via E-file & Regular Mail* |

*/s/ Gary Sommer*
_____
**JAMES R. BOSTON, JR.**
**GARY SOMMER**

11