UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY HOLT, INDIVIDUALLY, | § | |
| JEDIDIAH HOLT, INDIVIDUALLY, | § | |
| GEORGIA DEAN, AS NEXT FRIEND | § | |
| OF J.R.H., A MINOR, AND JAMES | § | |
| RICHARD HOLT, INDEPENDENT | § | |
| EXECUTOR OF THE ESTATE OF | § | |
| "HOLT", DECEASED | § | |
| | § | CASE NO. 4:16-cv-02898 |
| PLAINTIFFS, | § | |
| | § | |
| vs. | § | |
| | § | JURY TRIAL DEMANDED |
| ST. LUKE'S HEALTH SYSTEM, DOING | § | |
| BUSINESS AS CHI ST. LUKE'S | § | |
| PATIENTS MEDICAL CENTER, | § | |
| PMC HOSPITAL, L.L.C., DOING | § | |
| BUSINESS AS CHI ST. LUKE'S | § | |
| PATIETNS MEDICAL CENTER, | § | |
| KEVIN A. LISMAN, M.D., | § | |
| HOUSTON CARDIOVASCULAR | § | |
| ASSOCIATES, EVAN B. TOW, M.D. | § | |
| AND TUE NGUYEN, M.D. | § | |
| | § | |
| DEFENDANTS. | § | |

**DEFENDANT EVAN B. TOW, M.D.'S RULE 26 EXPERT DISCLOSURE**

Defendant Evan B. Tow, D.O. ("Defendant" OR "Dr. Tow") files this expert disclosure under Rule 26 of the Federal Rules of Civil Procedure and will produce its expert reports concurrently with this filing. In support thereof, Defendant would respectfully show the Court the following:

**Retained Experts**

**Arlo F. Weltge, M.D., MPH, FACEP**
**5213 Valerie St.**
**Bellaire, Texas 77041**

Dr. Weltge is a licensed and Board-Certified Emergency Physician. Dr. Weltge may be called to testify regarding his opinions and conclusions as to the appropriate standard of care and causation in this case. Dr. Weltge's opinions are set forth more fully in his expert report. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), Dr. Tow is producing Dr. Weltge's report and other disclosures to Plaintiffs concurrently with the filing of this expert disclosure as bates labeled documents HOLT BAEP 000012 –000047. Dr. Tow will supplement with a list of cases in which Dr. Weltge testified as an expert. Dr. Weltge's opinions as outlined in his report include, but are not necessarily limited to, opinions that (1) Dr. Tow met or exceeded the standard of care and (2) Dr. Tow did not contribute to or cause Mr. Holt's out of hospital cardiac arrest in April 2016. Finally, Dr. Weltge may also offer testimony to rebut Plaintiffs' and/or other parties' expert reports, statements, and testimony provided in this case.

**Nadim Nasir Jr., M.D., FACC FHRS**
**Methodist DeBakey Heart &Vascular Center**
**6560 Fannin, Suite 620**
**Houston, Texas  77030**

Dr. Nasir is licensed and Board-Certified in Internal Medicine, Cardiovascular Disease, and Clinical Cardiac Electrophysiology. Dr. Nasir may be called to testify regarding his opinions and conclusions as to the appropriate standard of care and causation in this case. Dr. Nasir's opinions are set forth more fully in his expert report. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), Dr. Tow is producing Dr. Nasir's report and other disclosures to Plaintiffs concurrently with the filing of this expert disclosure as bates labeled documents HOLT BAEP 000048-000077. Dr. Nasir's opinions as outlined in his report include, but are not necessarily limited to, opinions that (1) Dr. Tow met or exceeded the standard of care and (2) Dr. Tow did not contribute to or cause Mr. Holt's out of hospital cardiac arrest in April 2016.

Finally, Dr. Nasir may also offer testimony to rebut Plaintiffs' or other parties' expert reports, statements, and testimony provided in this case.

    **Charles H. Hallman, M.D.**
    **Surgical Associates of Texas, P.A.**
    **Texas Heart Institute**
    **P.O. Box 20345**
    **Houston, TX 77225**

Dr. Hallman is a cardiovascular surgeon. Dr. Hallman may be called to testify regarding his opinions and conclusions as to the appropriate standard of care and causation in this case. Dr. Hallman's opinions are set forth more fully in his expert report. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), Dr. Tow is producing Dr. Hallman's report and other disclosures to Plaintiffs concurrently with the filing of this expert disclosure as bates labeled documents HOLT BAEP 000078-000084. Dr. Hallman's opinions as outlined in his report include, but are not necessarily limited to, opinions that (1) Dr. Tow met or exceeded the standard of care, (2) Mr. Holt was adequately assessed and treated in the emergency room, (3) Dr. Tow did not contribute to or cause Mr. Holt's out of hospital cardiac arrest in April 2016, and (4) there were no indications for emergency valve replacement. Finally, Dr. Hallman may also offer testimony to rebut Plaintiffs' or other parties' expert reports, statements, and testimony provided in this case.

## Treating Physicians

Defendant designates the following as Treating Doctors under Fed. R. Civ. P. 26(a)(2)(B):

    **Evan B. Tow, M.D.**
    ***By and Thorough His Attorneys of Record***
    **Serpe Jones Andrews Callender & Bell, PLLC**
    **America Tower**
    **2929 Allen Parkway, Suite 1600**
    **Houston, Texas 77019**

Dr. Tow is named as a defendant in this case. Dr. Tow will offer testimony consistent with his deposition testimony. Dr. Tow may also testify on matters including, but not necessarily limited to, his opinion regarding the appropriate standard of care, diagnosis, prognosis, and opinions regarding causation. His testimony and opinions are based upon personal knowledge, training, education and experience. Dr. Tow's opinions and the basis for them may be found in the medical records and his deposition, if taken, which Dr. Tow incorporates herein by reference.

**Kevin A. Lisman**
*By and Thorough His Attorneys of Record*
**Boston & Hughes, PC**
**8584 Katy Freeway, Suite 310**
**Houston, TX 77024**

Dr. Lisman is named as a defendant in this case. Dr. Lisman will offer testimony consistent with his deposition testimony. Dr. Lisman may also testify on matters including, but not necessarily limited to, his opinion regarding the appropriate standard of care, diagnosis, prognosis, and opinions regarding causation. His testimony and opinions are based upon personal knowledge, training, education and experience. Dr. Lisman's opinions and the basis for them may be found in the medical records and his deposition, if taken, which Dr. Tow incorporates herein by reference.

## Cross-Designation

In addition to disclosing its retained experts and treating physicians he may call at trial, Dr. Tow cross-designates the following expert:

**S. Gary Kuzina, PH.D.**
**1302 Waugh Drive, Suite 379**
**Houston, Texas 77019**

Dr. Kuzina is an economist. Dr. Kuzina may be called to testify regarding his opinions and conclusions as to Plaintiffs' damages and economic loss associated with the death of

4

Mr. Holt in this case.  Dr. Kuzina's opinions are set forth more fully in his expert report, which has or will be produced pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) as bates labeled documents HOLT BAEP 000085-000098.  Dr. Kuzina may also offer testimony to rebut Plaintiffs' and/or other parties' expert reports, statements, and testimony provided in this case.

Dr. Tow reserves the right to elicit, by way of cross-examination, opinion testimony from experts designated and called by other parties to this lawsuit.  Dr. Tow may also call any experts designated by any other party to this lawsuit.  The parties are still engaged in discovery at this time.  As discovery is ongoing, Dr. Tow reserves the right to supplement his experts' reports as authorized by the Federal Rules of Civil Procedure and/or reserves the right to seek leave of Court to designate any additional experts that may become necessary and whose testimony cannot be reasonably anticipated at this time.

Dr. Tow reserves the right to elicit and use any expert testimony and lay opinion testimony that would assist the jury or fact finder in determining material issues of fact and that would not violate the Federal Rules of Civil Procedure.

Defendant reserves the right to withdraw the designation of any expert and to aver positively that any such previously designated expert will not be called as a witness at trial, and to re-designate the same as a consulting expert who cannot be called by opposing counsel.

Defendant reserves the right to call undesignated rebuttal expert witnesses.

DATED: November 10, 2017.

        Respectfully submitted,

        **SERPE, JONES, ANDREWS,**
        **CALLENDER & BELL, PLLC**

        By: */s/ Brett R. Sheneman*
            JOHN S. SERPE
            *Attorney-in-Charge*
            Federal Bar No. 4741
            Texas Bar No. 18037400
            BRETT R. SHENEMAN
            Federal Bar No. 2364244
            Texas Bar No. 24075067
        America Tower
        2929 Allen Parkway, Suite 1600
        Houston, Texas 77019
        Telephone: (713) 452-4400
        Facsimile: (713) 452-4499

        ***ATTORNEYS FOR DEFENDANT,***
        ***EVAN B. TOW, M.D.***

## CERTIFICATE OF SERVICE

      This will certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure on the 10th day of November, 2017.

        */s/ Brett R. Sheneman*
        Brett R. Sheneman