IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY HOLT, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-2898 |
| | § | |
| ST. LUKE'S HEALTH SYSTEM, d/b/a | § | |
| CHI ST. LUKE'S PATIENTS MEDICAL | § | |
| CENTER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING MOTIONS TO STRIKE**

St. Luke's filed a motion for summary judgment on December 1, 2017. (Docket Entry No. 36). The plaintiffs responded, (Docket Entry No. 37), and filed a supplemental response, (Docket Entry No. 28). St. Luke's replied on December 22. (Docket Entry No. 39). The plaintiffs filed a second supplemental response on December 24, (Docket Entry No. 40). St. Luke's moved to strike the second supplemental response because it was untimely and the plaintiffs did not seek leave from the court. (Docket Entry No. 41). The plaintiffs opposed the motion, and in that opposition included a third supplemental response to the motion for summary judgment. (Docket Entry No. 42). The plaintiffs then filed a second opposition to the motion to strike. (Docket Entry No. 43). St. Luke's moved to strike the second opposition and the plaintiff's third supplemental response. (Docket Entry No. 44).

St. Luke's argues that the plaintiffs' second supplemental response to the motion for summary judgment, filed on December 24, is untimely because any responses were due on December 22 and the plaintiffs did not seek leave from the court to file the response. (Docket Entry

1

No. 41). The plaintiffs respond that discovery has been ongoing in this case and they did not depose the defendant's experts until December 20 and 21, 2017. The plaintiffs state that they tried to take the depositions earlier, but St. Luke's would not agree. The plaintiffs assert that St. Luke's filed a reply late on December 22, the Friday before Christmas and that the plaintiffs diligently responded on Sunday, December 24. The plaintiffs argue that they had recently deposed St. Luke's expert and were submitting additional summary judgment evidence in a fact-heavy medical malpractice case.

Local Rule 7.3 and 7.4 require that responses to opposed motions be filed 21 days from the date the motion is filed. S. DIST. TEX. LOCAL R. 7.3, 7.4. Federal Rule of Civil Procedure 6(b) allows the court to extend the time, for good cause. "Under Federal Rule of Civil Procedure 6(b), the trial court has broad discretion to accept late-filed affidavits 'where the failure to act was the result of excusable neglect.' Absent an affirmative showing of excusable neglect, a trial court does not abuse its discretion in refusing an untimely proffer." *Slaughter v. Southern Talc Co.*, 919 F.2d 304, 307 (5th Cir. 1990). "The permissive language of Rule 6(b) shows that any grant of an extension of time for when an act must be done falls to the district court's discretion." *McCarty v. Thaler*, 376 Fed. App'x 442, 443 (5th Cir. 2010) (per curiam). "Moreover, any grant of an extension that is filed after the time for a response has expired may only be granted upon a finding of excusable neglect." *Id.* "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *Id.*

"The determination of what constitutes 'excusable neglect' is an equitable one." *Gonzalez v. Lopez*, 2008 U.S. Dist. LEXIS 109653, at *12 (N.D. Tex. Jan. 23, 2008) (citing *Pioneer Inv. Servs., Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "Relevant factors for the

2

court to consider in determining whether excusable neglect exists include: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Id.* (citing *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 162 n.8 (5th Cir. 2006)).

The plaintiffs have shown excusable neglect and good cause for their barely late submissions. Discovery was ongoing at the point that their responses were due and they had only recently deposed St. Luke's expert. The delay was minimal. The plaintiffs diligently filed their late-filed response on Christmas Eve. St. Luke's has not demonstrated how, if at all, it will suffer prejudice from the supplemental evidence filed 3 and 6 days after the 21-day deadline. There is no evidence of bad faith. The defendant's motions to strike, (Docket Entry Nos. 41, 44), are denied.

The court will hear oral argument on the motion for summary judgment on **February 16, 2018 at 10:00 a.m.** in Courtroom 11-B at the United States Courthouse, 515 Rusk St., Houston Texas, 77002.

SIGNED on January 22, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge